UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ANDERSON, II,

    Plaintiff,               Civil Action No. 2:17-CV-13780
v.                              HONORABLE DENISE PAGE HOOD
                                 CHIEF UNITED STATES DISTRICT JUDGE

NICHOLAS COUSINS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. INTRODUCTION

The Court has before it Plaintiff Jerry Anderson, II's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. The Court concludes that plaintiff's complaint must be summarily dismissed for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal from this decision cannot be taken in good faith.

### II. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604

1

(6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. **COMPLAINT**

Plaintiff claims that Defendant Nicholas Cousins, a police detective, conspired with Defendant Assistant Prosecutor David Guinn to fabricate evidence of probable cause in order to secure arrest and search warrants against plaintiff. Plaintiff claims that the search warrant was used by Detective Cousins and Defendant State Police Officer Valerie Bowman to plant evidence to incriminate plaintiff. Plaintiff claims that Defendant Officer Santos Urbina falsified his police report in order to align with the fabricated evidence. Plaintiff claims that the officers coerced false statements against plaintiff from several witnesses. Plaintiff alleges this evidence was used to charge plaintiff with first-degree murder and other offenses. Plaintiff further claims that Defendant David Mays, another

3

assistant prosecutor, disregarded that Detective Cousins ignored exculpatory evidence. Plaintiff claims that Defendant Mays continued to prosecute the case even though he was aware that the evidence was obtained in violation of plaintiff's Fourth Amendment rights and that there was evidence which could have exonerated plaintiff. Plaintiff claims that he was ultimately coerced into pleading guilty. [1]

Plaintiff seeks injunctive and monetary relief.

## IV.  DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

Plaintiff cannot maintain an action for damages against the prosecutors in this case for actions undertaken with respect to plaintiff's criminal case.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase

---

[1] Plaintiff does not indicate the offense that he pleaded guilty to. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted on his plea of guilty of second-degree murder and felony-firearm in the Genesee County Circuit Court.

4

of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F. 2d 1135, 1138 (6th Cir. 1989).

David Guinn and David Mays, the assistant prosecutors named in this complaint, are absolutely immune from liability for their decision to prosecute plaintiff.

Plaintiff's lawsuit against the prosecutors and police for the alleged illegal arrest and the alleged unlawful search is subject to dismissal, because his lawsuit would not be cognizable under § 1983 unless and until

5

his conviction was overturned or invalidated. *See Schilling v. White*, 58 F. 3d 1081, 1085 (6th Cir. 1995). To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Although *Heck* does not completely bar Fourth Amendment claims, to recover compensatory damages based on allegedly unreasonable search, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his or her conviction has been overturned. *Id.,* at 487, n. 7.

Plaintiff does not allege any injury to him from the alleged illegal arrest and search beyond his being convicted and incarcerated, therefore, he cannot maintain a § 1983 action against the defendants based on an illegal arrest or search. Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the arrest or search was unreasonable would

"necessarily imply the invalidity of the conviction" and would therefore be barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 F. App'x. 372, 377-78 (6th Cir. 2006); *See also Poindexter v. Overton,* 110 F. App'x. 646, 647 (6th Cir. 2004)(prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge,* 96 F. App'x. 322 (6th Cir. 2004)(same).

To the extent that plaintiff is seeking to have his criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal

habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

To the extent that plaintiff asks the court to reverse his current criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. The Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit

and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999).  Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001).  Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).  Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

The Court dismisses the case.  Because the Court is dismissing the plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

## V. CONCLUSION

Plaintiff failed to state a claim upon which relief may be granted and several defendants are immune from suit. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Request for Service by the U.S. Marshal is **DENIED as MOOT**. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager